PERCIVAL E. NAGLE, as Sheriff of the County of New York, State of New York, and FRANK B. HALL & COMPANY, INC., Plaintiffs, *v.* W. A. HARRIMAN & Co., INC., Defendant.

Supreme Court, New York Special Term, July, 1923.

**Pleading — complaint — recital of evidence and allegations of conclusions based thereon — when denials in answer will not be stricken out.**

A plaintiff by pleading evidentiary facts based upon its own conclusions of testimony should not be allowed to compel the defendant to admit those facts as pleaded without qualification, but the defendant may deny those facts if

such denial is made in good faith and based on its own conclusions from the same testimony and such conclusions are not palpably wrong.

Under a warrant of attachment granted in an action commenced by one of the plaintiffs herein against a foreign corporation, the other plaintiff herein, as sheriff, attempted to levy upon property claimed to belong to the foreign corporation in the hands of the defendant herein. After defendant had made a return that it had no property of the said corporation in its hands the plaintiff in the attachment suit obtained an order for the examination of the present defendant and brought the present action upon a complaint alleging not merely the ultimate facts upon which liability on the part of the defendant might be based but also the evidence obtained on defendant's examination through which plaintiff expected to establish the ultimate facts. Plaintiff upon a claim that the testimony given by the defendant upon its examination under said order established the falsity of the denials in its answer of some of the allegations of the complaint, made a motion to strike out such denials as sham and frivolous. *Held*, that as there was no denial contained in the answer of any allegation of the complaint where such allegation was not subject to explanation tending to limit the effect of the unqualified affirmative allegation of the complaint to a degree which makes at least arguable the propriety of the denial, plaintiff's motion will be denied.

MOTION to strike out parts of answer and for judgment.

*Nicoll, Anable, Fuller & Sullivan* (*De Lancey Nicoll, De Lancey Nicoll, Jr., Douglass C. Lawrence,* of counsel), for plaintiffs.

*Stetson, Jennings & Russell* (*Theodore Kiendl,* of counsel), for defendant.

LEHMAN, J. The plaintiff, Frank B. Hall & Co., Inc., has moved under rules 103 and 104 of the Rules of Civil Practice "for an order striking out the allegations contained in the answer as sham and frivolous and for judgment." It appears that in January, 1922, the plaintiff had commenced an action against a foreign corporation and secured a warrant of attachment in that action. The sheriff attempted a levy under that warrant upon property claimed to belong to the foreign corporation in the hands of the present defendant. The defendant made a return that it has no property of the foreign corporation in its hands. Thereafter the plaintiff obtained an order for the examination of the present defendant and has brought this action against it alleging in the complaint not merely the ultimate facts upon which liability on the part of this defendant might be based but also evidence obtained upon the defendant's examination through which the plaintiff apparently expects to establish the ultimate facts. The plaintiff now claims that the testimony given by the defendant itself upon its examination establishes the falsity of the denials of some of these allegations and that, therefore, the denials should be stricken out as sham. The defendant seeks to sustain these denials by an affidavit of the same officer who gave the original testimony. This affidavit in some respects adds to

and clarifies the previous testimony but does not seek to contradict it in any particulars and the following facts may be regarded as conclusively established for the purpose of this motion. Prior to the 13th day of January, 1922, when the attempted levy was made, the defendant had been executing orders received from the foreign corporation over a private telegraph wire. Some of these sales and purchases were consummated about January 13, continuing until January 23, 1922, and in the ledgers of this defendant there was a debit and credit account covering such transactions between this defendant and the foreign corporation. The complaint sets forth that prior to January 13, 1922, the defendant has been engaged in business with the foreign corporation and that the said business continued till January 23, 1922. That in the course of said business the defendant bought and sold securities for the account of the foreign corporation and maintained a regular daily debit and credit account of transactions between it and that corporation. That on and after January 13, 1922, the defendant bought and sold for the account of the foreign corporation certain specified securities at prices set forth in the complaint and that the defendant on and after January 13, 1922, was in possession of said securities or the market value thereof but failed, neglected and refused to deliver the said securities or the market value thereof to the sheriff pursuant to the warrant of attachment served on the defendant; but on the contrary caused to be delivered the said securities or the market value thereof to the foreign corporation. The defendant has denied all of these allegations except that it admits that at various times during the period mentioned in the complaint it purchased and received from the foreign corporation for cash or its equivalent, certain of the securities specified in the complaint with the exception of one lot of bonds which the defendant agreed to purchase but never received from the foreign corporation and except that it further admits that it sold or delivered to the foreign corporation for cash or its equivalent certain other of the securities specified in the complaint and maintained accounts of all such transactions. It was the evident purpose of plaintiff's counsel in pleading evidentiary facts to make out a *prima facie* case and then compel the defendant to assume the burden of proving and perhaps of pleading other facts to meet the plaintiff's *prima facie* case. The defendant on the other hand seeks by its denials, qualified by the admission hereinabove referred to, to defeat the effect of these allegations of the complaint. The real dispute between the parties to this action in this regard can be reduced in my opinion, to two points: *First*, did the defendant in executing the orders of the foreign corporation buy and sell securities for the

account of that corporation so that the securities when bought or the avails of the securities when sold became the property of the foreign corporation, and *second,* whether the debit and credit accounts in the defendant's ledgers are in fact daily and regular debit and credit accounts of its transactions with that corporation. As stated above it appears undisputed that the defendant was accustomed to receive orders from the foreign corporation to purchase or sell securities but the foreign corporation did not deposit with the defendant at the time the orders were given the securities which it ordered sold nor did it pay or secure the defendant for the purchase price of securities which it ordered bought for its account. The defendant was accustomed to execute orders to buy securities by purchasing such securities in the open market, paying for them itself and then delivering those securities to the foreign corporation only upon payment of drafts attached to the securities covering the full purchase price and the defendant's commissions. In a similar way the defendant was accustomed to execute the orders to sell securities by making contracts to sell in the market here and then making deliveries under such contracts to sell though it received the securities from the foreign corporation only after the contract to sell was made. Such purchases and sales though made by the defendant for the plaintiff's account were made in its own name with other parties and it was personally responsible to such other parties upon such contracts of purchase and sale. The defendant entered the transactions as soon as the purchase or sale was made in its ledger in a debit and credit account with the foreign corporation even though it had not at that time received payment for securities purchased or delivery of the securities sold but it made compensating entries in other parts of its ledgers. It may well be that under this arrangement the securities purchased for the account of the foreign corporation and the avails of securities sold for it became the property of the foreign corporation subject only to a lien on the part of the defendant acting as broker for that corporation but this involves a legal conclusion, the correctness of which the defendant does not wish to concede and it seems to me that the correctness of this legal conclusion is not entirely free from doubt. The defendant purchased securities on its customer's order but as stated above, was personally liable to the seller for the price and the foreign corporation was not entitled to receive delivery of these securities until it had paid defendant the agreed price. It is quite possible that in a legal sense the defendant had no property in the securities so bought except for the purpose of obtaining payment of the purchase price but a denial of the allegation that they were bought for the account of the foreign corporation without even qualifying

allegations showing the actual condition of the transactions is not, in my opinion, either sham or frivolous. It is true that there are statements in some opinions of the courts that an allegation which is false is sham and may be stricken out and the remedy formerly applied to sham affirmative allegations may now also be applied to sham denials but in my opinion a denial of an evidentiary fact should not be stricken out as sham so long as it is interposed in good faith in order to avoid an admission from which a mistaken inference might be drawn and so long as there is any ground for argument as to the truth of such denial. The same considerations as apply to purchases made for the account of the foreign corporation apply equally to sales for their account and similar considerations in even stronger measure apply to the allegation that the defendant maintained a regular debit and credit account of transactions with the foreign corporation for the regular debit and credit account would not show the true state of the transactions without reference to so-called compensating entries in other parts of the ledger. A very careful consideration of the entire complaint and the answer has convinced me that there is no denial contained in the answer of any allegation in the complaint where such allegation of the complaint is not subject to explanation which tends to limit the effect of the unqualified affirmative allegation of the complaint to a degree which makes at least arguable the propriety of the denial.

The plaintiff, by pleading evidentiary facts based upon its own conclusions of testimony given, should not be allowed to compel the defendant to admit those facts as pleaded without qualification but the defendant on the contrary may deny those facts if such denial is made in good faith and based on its own conclusions from the same testimony and such conclusions are not palpably wrong. Motion is, therefore, denied with ten dollars costs.

Ordered accordingly.